UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAMIAN RICHARD,<br><br>                Plaintiff,<br><br>  v.<br><br>DR. SUITER and DARREN CHLIPALA,<br><br>                Defendants. | NO:  4:14-CV-5084-TOR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO AMEND, AND DISMISSING ACTION<br><br>**1915(g)** |

      BEFORE THE COURT are the Report and Recommendation to Dismiss the First Amended Complaint (ECF No. 12), Plaintiff's document titled, "No Objection to Report and Recommendation to Dismiss First Amended Complaint," which is liberally construed as a Motion to Amend (ECF No. 13), and a Proposed Second Amended Complaint (ECF No. 14).  Plaintiff agrees that his First Amended Complaint fails to state a claim against Defendants Dr. Suiter or Darren Chlipala and he asks that the action be dismissed without prejudice.  Nevertheless,

ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO AMEND, AND DISMISSING ACTION -- 1

he seeks permission to proceed with his accompanying complaint dated September 22, 2014 (ECF No. 14).

In assessing Plaintiff's Motion to Amend, the Court has considered the allegations set forth in the Proposed Second Amended Complaint and finds that they, too, fail to cure the deficiencies of the initial complaint.

A prisoner seeking to impose Eighth Amendment liability for deliberate indifference must demonstrate three elements: (1) a "serious medical need," such that "failure to treat [the] condition could result in further significant injury or the unnecessary and wanton infliction of pain," *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks omitted); (2) Defendant was "aware of" that serious medical need, *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994); and (3) Defendant disregarded the risk that need posed, *see id.* at 846, such as by denying or delaying care, *see Snow v. McDaniel*, 681 F.3d 978, 986 (9th Cir. 2012); *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). Plaintiff's allegations do not rise to the level of a constitutional violation.

Plaintiff states that he injured his knee on August 1, 2012, and was seen in the health service department on August 3, 2012. A nurse initially determined that Plaintiff had suffered minimal swelling to his patella, but the nurse was unable to thoroughly assess the knee due to tenderness. The nurse instructed Plaintiff to

"stay of[f the] knee, use crutches, ice and elevate the knee, use a brace and take tylenol [sic] for pain."

Plaintiff states that he was seen again on August 16, 2012, after complaining of pain. He protests that PA-C Neau ordered an unidentified nurse to instruct Plaintiff "to continue to ice and elevate the knee, rest and use crutches for 6-8 weeks and if not better new orders would be given at that time." Plaintiff asserts that on August 23, 2012, he initiated a "medical emergency request" when his knee pain awoke him. He states that a nurse came, examined the knee and repeated the instructions ordered by PA-C Neau, and told Plaintiff to "return to the clinic for future assessment if pain continues."

Plaintiff asserts that a nurse saw him at sick call on August 25, 2012, examined his knee and found that the pain and swelling had increased since the injury on August 1, 2012, while the range of motion had decreased. Plaintiff claims the nurse noted that his knee was "in extreme pain response and palpations medical aspect was strained or meniscus injury ligament." Plaintiff complains that the "plan of treatment orders were consistent with recent orders given by defendant Neau."

Plaintiff contends that there was also a notation that he should be scheduled, as soon as possible, for an appointment to receive a knee injection, but he was never scheduled for this appointment and was never provided injections. He does

ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO AMEND, AND DISMISSING ACTION -- 3

not state who failed to set this appointment or what efforts he made to ensure he received prescribed treatment. At worst, Plaintiff has stated that the scheduling of an appointment was neglected by an unidentified person. Mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980).

Plaintiff avers that on September 6, 2012, he reported to the health clinic that his knee was "popping and locking." He admits PA-C Relyea ordered that he be provided with a Health Status Report ("HSR"), a wrap and a knee brace. He complains, however, that no injections were given to him and "no treatment to repair the meniscus tear as required by the medical community." Plaintiff makes no assertion that PA-C Relyea had been instructed to provide an injection, and with deliberate indifference to Plaintiff's suffering failed to administer it. Indeed, Plaintiff indicated earlier that an appointment for such injection was never scheduled.

Plaintiff presents no facts from which the Court could infer that, prior to September 6, 2012, a physician had medically diagnosed Plaintiff as requiring "treatment to repair the meniscus tear." He alleges no facts showing that PA-C Relyea deliberately disregarded such a diagnosis. Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim.

*See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  Plaintiff concedes that he received a HSR, wrap and knee brace on September 6, 2012.  His allegations are insufficient to show PA-C Relyea was deliberately indifferent to his serious medical needs.

Plaintiff asserts that on October 10, 2012, he reported to health care officials that "pain had migrated from his medial to the lateral part of his knee."  He asserts that PA-C Relyea failed to provide injections ". . . or any treatment medically required to treat the meniscus tear."  Again, Plaintiff presents no facts showing that PA-C Relyea disregarded a known medical diagnosis or failed to administer a prescribed injection.  The allegations are insufficient to state an Eighth Amendment violation.

Plaintiff indicates that he "petitioned . . . the Assistant Secretary of the DOC in [an] attempt to compel the defendants to comply with Offender Health Plan Policy 600.000," and that Defendant Chlipala was instructed to respond.  Plaintiff asserts that on an unspecified date, Defendant Chlipala stated that he had spoken with Defendant Suiter, who reported that Plaintiff had sustained a "meniscus injury," and "only received crutches, a knee brace and ice."  From this, Plaintiff infers that Defendants Suiter and Chlipala "knew or should have known plaintiff was never provided the necessary treatment to repair such an injury as required by the medical community (surgery)."

ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO AMEND, AND DISMISSING ACTION -- 5

Once again, the standard for liability under the Eighth Amendment is not whether a Defendant "knew or should have known," about a particular treatment. Rather, for a claim of deliberate indifference, an official must know of and disregard a serious medical condition and the official must be "aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. at 837.   Here, Plaintiff has failed to present any facts from which the Court could infer that PA-C Neau, PA-C Relyea, Dr. Suiter, or Darren Chlipala, was deliberately indifferent to his serious medical needs.

Accordingly, **IT IS ORDERED** the Report and Recommendation (ECF No. 12), is **ADOPTED IN ITS ENTIRETY,** the Motion to Amend (ECF No. 13) is **DENIED** and this action is **DISMISSED with prejudice** for failure to state a claim  upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to  28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915.  This dismissal of Plaintiff's**

ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO AMEND, AND DISMISSING ACTION -- 6

**complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.**

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgment, forward copies to Plaintiff at his last known address, and close the file. The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** February 26, 2015.

THOMAS O. RICE
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO AMEND, AND DISMISSING ACTION -- 7